UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PEGGY L. CHEHARDY                    CIVIL ACTION

VERSUS                               NO. 07-4093 C/W 07-4185

ALLSTATE INSURANCE CO.               SECTION "F"

ORDER AND REASONS

Before the Court is the defendant's Motion for Partial Summary Judgment on the plaintiff's contents claims and the plaintiff's bad faith claims. For the following reasons, the Motion is DENIED in part and GRANTED in part.

## Background

Peggy L. Chehardy insured her residence at 884 Crystal Street in New Orleans with Allstate's Deluxe Plus Homeowners Insurance Policy. The policy limits provided for Building: $369,000; Other Buildings: $36,900; Contents: $276,750; and Additional Living Expenses: "up to 12 consecutive months from the time of loss." The policy provided coverage for losses caused by wind and wind-driven rain, but excluded coverage for losses caused by flood. Additionally, the policy requires that after a loss, the insured must "separate damaged from undamaged personal property" and give the insurer a detailed list of damaged property showing the quantity, cost, cash value, and loss claimed. The insured must also, at the insurer's request, provide any accounting records or bills and show the damaged property.

1

Ms. Chehardy's property was damaged during hurricane Katrina, and on September 8, 2005, Allstate opened a file on her claim. In its first adjustment and two supplemental adjustments between December 2005 and December 2006, Allstate made payments on Ms. Chehardy's structure claim totaling over $140,000. However, Ms. Chehardy had explained that because of health problems, she would not pursue her contents claim until her house was repaired. In April 2006 she began to seek adjustment of her contents claims, she was given a blank policy work sheet, and she began compiling the necessary information. The contents adjuster contacted her monthly to inquire as to the status of her claim and advised Ms. Chehardy to "make sure she gets a tech report on electronics, make + model of furniture . . . and to list the stores + how old." On October 12, 2006, Ms. Chehardy agreed to provide Allstate the information and materials requested within 30 days, and on November 28, she submitted a partial inventory of contents claimed, without dates and prices. In January and July 2007, Ms. Chehardy submitted additional partial inventories, which, combined with the first, claimed $46,000 in contents. The adjuster informed Ms. Chehardy that she could not see any damage in the photos submitted and that only her wine and food loss would be paid. In August 2008, Ms. Chehardy presented a supplemental contents inventory for approximately $241,000 in additional contents claimed. Ms. Chehardy has thrown away all but

a few of the items in her contents inventory. In December 2008, counsel for Allstate and counsel for Ms. Chehardy arranged for Ms. Chehardy to appear for an examination under oath. Ms. Chehardy had not agreed to conduct the examination at her home because Allstate personnel had within the preceding month conducted an inspection of her home and its contents. Counsel for Allstate requested she bring a supplemental contents inventory showing the ages of the items claimed, their condition at the time of loss, their actual cash value, and the damage to the items. Allstate has made no payments on Ms. Chehardy's contents claim.

Allstate argues that Ms. Chehardy is not entitled to payment under the insurance policy because she has not met her obligations under the contract by failing to provide proof of loss. Allstate notes that the information provided by Ms. Chehardy did not include the information requested by Allstate and that the photographs did not show damage to the items claimed. Further, Allstate submits that even if the contents claim were to proceed, there is no evidence that it acted arbitrarily or capriciously, and therefore Ms. Chehardy's bad faith claims should fail.

Ms. Chehardy responds that Allstate has possessed sufficient information to adjust her contents claim for over a year. She adds that the reason she did not provide her August 2008

inventory list earlier is because Allstate had already informed her that it would not pay for her contents damages, other than some of her wine and food. Further, she asserts that Allstate told her repeatedly that she should discard the damaged contents after photographing them.

## I. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v.

Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II. Contents Claims

Under Louisiana law, "the insured bears the burden of proving the existence of the policy and coverage." Tunstall v. Stierwald, 809 So. 2d 916, 921 (La. 2002). Additionally, "[c]ompliance with insurance policy provisions are conditions precedent to recovery under that policy." Copelin v. State Farm Ins., No. 06-4115, 2009 WL 3610888, at * 5 (E.D. La. Feb. 12, 2009) (citing Lee v. United Fire & Cas. Co., 607 So. 2d 685, 688 (La Ct. App. 1992)); see Mosadegh v. State Farm Fire & Cas. Co., No. 07-4427, 2008 WL 4544361, at *3 (E.D. La. Oct. 8, 2008). Thus, "the failure of an insured to cooperate with the insurer has been held to be a material breach of the contract and a defense to a suit on the policy." Lee, 607 So. 2d at 688; see

5

Mosadegh, 2008 WL 4544361, at *4 (granting summary judgment where the plaintiffs refused to submit to examination under oath and provided no reasonable explanations for their lack of cooperation).

In a case where the insured has not refused to cooperate, but the insurer nonetheless argues that the insured's inadequate proof of loss amounts to a breach of contract, courts have found evidence of the insured's attempts to comply with the insurance contract sufficient to defeat summary judgment. For example, in Copelin v. State Farm Insurance, the court found an issue of material fact as to breach of post-loss duties where the plaintiffs had provided affidavits, deposition testimony, photos, and revisions to their inventory in support of their contents claims. 2009 WL 361088, at *6. The Copelin court found that the evidence indicated the plaintiffs "efforts to comply with the insurance contract." Id. Similarly, in Perrien v. State Farm Insurance Co., where the plaintiffs had submitted an inventory with respect to their flood claim, but not their wind claim (with the same insurer), the court held that the insurer bore the burden of showing that an additional contents list was required. No. 06-8087, 2008 WL 2705455, at *4 (E.D. La. July 9, 2008). The plaintiffs produced an activity log showing the insurer's receipt of a contents list and a "Contents Inventory Summary" that did not distinguish whether it pertained to the

wind or flood policy, leading the court to find a genuine issue of material fact as to whether the plaintiffs satisfied their obligation to provide a detailed contents inventory. <u>Id.</u>

Here, Allstate asserts that Ms. Chehardy has failed to provide a satisfactory proof of loss because the inventories she provided were delayed, limited, and partial. Indeed, she did not submit an inventory of all her contents claims until August 2008, and even the full inventory does not include the age of the items, the specific damage to the items, and whether she had replaced the items. But, Allstate does not assert that Ms. Chehardy has failed to meet a time line set out by the policy. Further, Ms. Chehardy's contents list includes the cost of the items, and she submitted photographs. Allstate contends Ms. Chehardy violated her obligations by discarding damaged items, but Ms. Chehardy asserts in an affidavit that she was told repeatedly that she could discard items after photographing them. She has also submitted the affidavit of Emmett Dufresne, who asserts that two Allstate attorneys informed Ms. Chehardy at a meeting where he was present that the contents list need only include the items lost and their value. Additionally, Ms. Chehardy described the damage in her deposition and examination under oath and Allstate agents inspected her residence in November 2008. Further, unlike the insurer in <u>Lee</u> and <u>Mosadegh</u>, Allstate does not have evidence that Ms. Chehardy *refused* to

7

comply with the policy provisions. Instead, the issue is whether her submissions satisfied her obligations under the policy. And as to that question, the Court finds that on the summary judgment record, material fact issues are patent and summary relief is inappropriate.

III. Bad Faith Claims

To recover under La. Rev. Stat. § 22:658 and § 22:1220[1], the plaintiff "has the burden of establishing three things: (i) that the insurer received a satisfactory proof of loss, (ii) that the insurer failed to pay the claim within the applicable statutory period, and (iii) that the insurer's failure to pay was arbitrary and capricious." Boudreaux v. State Farm Mutual Auto. Ins. Co., 896 So. 2d 230, 233 (La. Ct. App. 2005); see Dickerson v. Lexington, 556 F.3d 290, 297 (5th Cir. 2009). Acting in a manner that is arbitrary and capricious means "unjustified, without reasonable or probable cause or excuse." Dickerson, 556 F.3d at 298 (quoting Holt v. Aetna Cas. & Sur. Co., 680 So. 2d 117, 130 (La. Ct. App. 1996)). An insurer does *not* act arbitrarily and capriciously "when it withholds payment based on a genuine (good faith) dispute about the amount of a loss or the applicability of coverage." Id. at 297-98.

---

[1] The Louisiana penalty statutes have been renumbered as of January 2009 as § 22:1892 and § 22:1973 respectively. For clarity when referencing case law, the Court will use the former section numbers.

8

Allstate argues that it had a reasonable basis for determining the scope of structure damage based on its investigations. Further, Allstate contends that evidence of its supplemental adjustments and payments on Ms. Chehardy's structure claim show that Allstate did not act in bad faith. Ms. Chehardy's opposition is void of any fact or argument that disputes this position. The Court construes Ms. Chehardy's complete failure to address Allstate's argument on the bad faith claims as lack of opposition. Further, although the Court finds it curious that Ms. Chehardy has not received any payment despite being told that her food and wine losses would be compensated, the Court notes that Allstate waited nearly three years to receive the entire list of her claimed contents all the while requesting more information and receiving partial updates. There is simply no evidence on this record to support a finding that Allstate acted arbitrarily.

Accordingly, Allstate's Motion for Partial Summary Judgment of Ms. Chehardy's bad faith claims is GRANTED. Further, Allstate's Motion for Partial Summary Judgment of Ms. Chehardy's contents claims is DENIED.

New Orleans, Louisiana, October 14, 2009.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT COURT